**STATE of North Dakota, Plaintiff and Respondent,**

**v.**

**Marlyn Clifton HOLTE, Defendant and Appellant.**

**Cr. 282.**

Supreme Court of North Dakota.

Dec. 30, 1957.

Ella Van Berkom, Minot, for appellant.

Leslie R. Burgum, Atty. Gen., and LeRoy A. Loder, State's Atty. of Ward County, Minot, for respondent.

MORRIS, Judge.

At a trial had before a jury the defendant was convicted of the commission of the crime of attempted indecent liberties upon the person of an individual under eighteen years of age as prescribed by Section 12-3011, 1953 Supplement to NDRC 1943 and sentenced to three years in the State Penitentiary. The jury added to its verdict a recommendation of leniency.

The defendant appeals from the judgment of conviction and in his brief sets forth three issues: one, insufficiency of the evidence to sustain the verdict; two, that

the sentence imposed was excessive in the light of the evidence and the recommendation of leniency; and three, that the defendant did not have a fair trial.

We approach a consideration of the sufficiency of the evidence with the rule in mind that in criminal as well as civil cases the credibility of witnesses and the weight to be given to their testimony are matters for the determination of the jury. State v. Thompson, 68 N.D. 98, 277 N.W. 1; State v. Gulke, 76 N.D. 653, 38 N.W.2d 722; State v. Keller, 77 N.D. 165, 42 N.W.2d 319; State v. Johnson, 58 N.D. 832, 227 N.W. 560; State v. Ugland, 48 N.D. 841, 187 N.W. 237; State v. Mozinski, 49 N.D. 228, 191 N.W. 345; State v. Severin, 58 N.D. 792, 228 N.W. 199; State v. Young, 55 N.D. 194, 212 N.W. 857; State v. Stumbaugh, 28 S.D. 50, 132 N.W. 666; People v. Newland, 15 Cal.2d 678, 104 P.2d 778; People v. Cook, 136 Cal.App. 2d 442, 288 P.2d 602.

The evidence is such that it amply warrants a determination by the jury that these are the facts. On July 20, 1956, the date of the crime charged, the defendant was 27 years of age and a resident of Minot, where he lived with his wife. He was unemployed. She was employed. He was driving around town in his automobile at about six o'clock in the evening waiting for his wife to get through work. He had been drinking liquor that day.

At about ten minutes after six o'clock P.M. an eleven year old girl was waiting for a bus at a corner in a residence district of Minot. She was being sent by her mother on an errand to a drugstore downtown. While she was waiting the defendant, who was a stranger to the girl, drove up in a car and asked her to show him where the airport was. She told him it was just over the hill and he said it would be better if she would show him where it was. At first she refused. Then he promised to take her to the drugstore. At first she wanted to ask her mother but he persuaded her to accompany him and she got in the car. He drove out to the airport. After they reached the airport he told her there were some horses about a mile and a half farther on. After proceeding east from the airport about a mile he drove down into a roadside ditch and stopped the car. He moved over close to her, put one arm around her neck and on her chest and kissed her and hung on to her tight. With the other hand he tried to lift up her dress. She put her elbow down to hold it. She started to cry, jumped out of the car and ran. He did not try to forcibly restrain her. She ran crying to the airport. The defendant attempted to get her to reenter the car on the promise that he would take her down to the drugstore, but she continued running and crying. She secured the license number of his car. Someone called the police from the airport. A search was started for the offender. The next morning the defendant was apprehended and taken to the police station where he signed a statement that in general corroborates the statements of the girl. It was admitted in evidence without objection. At the trial the defendant took the witness stand and in part denied and in part stated that he could not remember the facts related by the girl.

The defendant, however, challenges the sufficiency of these facts to warrant the jury in finding the defendant guilty of the crime charged.

Section 12–3011, 1953 Supplement to NDRC 1943 provides that:

"Every person who shall take any indecent liberty with or on the person of any individual under the age of eighteen years, which act under law does not amount to rape, or attempt to commit rape, or assault with intent to commit rape, or sodomy, or other crime against nature, is guilty of a felony, and shall be punished by imprisonment in the penitentiary for not less than one year nor more than fifteen years, and for any second offense

of said crime by punishment in the state penitentiary for not less than five years."

Pursuant to the provisions of Section 12–0401, NDRC 1943 an attempt to commit a crime is "An act done with intent to commit a crime and tending but failing to effect its commission, is an attempt to commit that crime."

Section 12–0402, NDRC 1943 prescribes punishments for attempts on a basis of relationship to the punishment prescribed for the crime attempted. In this case the applicable provision is as follows:

"If the offense so attempted is punishable by imprisonment in the penitentiary for four years or more, or by imprisonment in a county jail, the person guilty of such attempt is punishable by imprisonment in the penitentiary or in a county jail, as the case may be, for a term not exceeding one-half the longest term of imprisonment prescribed upon a conviction for the offense so attempted;"

The question of the sufficiency of the facts to support a conviction of attempt to commit the crime of indecent liberties takes us to a consideration of the meaning of indecent liberties. In commenting upon the scope of the statute this court, in State v. Flath, 59 N.D. 121, 228 N.W. 847, 852, said:

"The plain intent of this statute is to cover all forms of indecent liberties except rape, attempt to commit rape, or assault with intent to commit rape or sodomy or crime against nature. These excepted crimes are already defined by statute and punishment therefor provided. The law is intended to be a sort of blanket statute covering all of the other indecent liberties. Rape is an indecent liberty, but because it is defined and punished elsewhere, it is excepted from the provisions of this statute. The same with the other crimes committed.

After these enumerated crimes are eliminated from 'indecent liberty,' then the remaining indecent liberties are punishable under this statute."

In that case it is further said that the term is a self defining one and that "indecent liberties mean 'such liberties as the common sense of society would regard as indecent and improper.'"

In People v. Szymanski, 321 Mich. 248, 32 N.W.2d 451, 453, a conviction for the commission of the crime of taking indecent liberties with the person of a nine year old girl was sustained under facts somewhat similar to those at bar. There the court said:

"Here the parties concerned were not acquainted, and there is nothing in the record to indicate that the complaining witness had ever previously seen the man who sat beside her in the theater. The testimony is undisputed that he placed his hand on her bare leg under her dress, and that he kept it there for some time. The circumstances under which the act was done indicate the motivating purpose and intent. Clearly, the occurrence was not accidental. The fright of the complaining witness at the time and her subsequent complaints to her companion and to her mother are significant. The statute penalizes conduct that is of such character that the common sense of society regards it as indecent and improper."

In this case the conduct of the defendant indicates an intent to take indecent liberties that consisted of a series of acts tending to effect the commission of the crime that failed only because of the flight and fright of the girl.

The defendant complains that the sentence imposed on him is excessive in the light of the evidence and the recommendation of the jury. The maximum sen-

tence that the defendant could have received is seven and one-half years in the state penitentiary. See Section 12–3011, 1953 Supplement NDRC and Section 12–0402, NDRC 1943. The sentence imposed was well within the limits prescribed by statute. The recommendation of the jury is what it purports to be, a recommendation and nothing more. The trial court in the exercise of his sound discretion undoubtedly gave fair consideration to it. The responsibility of pronouncing sentence is that of the trial court.

> "Where the trial court is given by statute the discretion of imposing a penalty within limitations fixed by the statute, and the trial court, in passing sentence, exercises such discretion within the limitations fixed by statute, this court has no power to review the discretion of the court in fixing the term of imprisonment." Paragraph 7 of the Syllabus by the Court in State v. Taylor, 70 N.D. 201, 293 N.W. 219, 221.

See also State v. Jochim, 55 N.D. 313, 213 N.W. 484; State v. McFall, 75 S.D. 630, 71 N.W.2d 299; State v. Bjelkstrom, 20 S.D. 1, 104 N.W. 481.

As a final issue the defendant complains that he did not get a fair trial. Although this issue might well be summarily disposed of for lack of objections or other record showing error, we will comment briefly. This complaint includes an instruction of the court that "The crime of Attempted Indecent Liberties is a felony. A felony is a crime which is or may be punishable with imprisonment in the State Penitentiary." It is not urged that this instruction was erroneous and clearly it is not. The defendant, however, claims that it was prejudicial to the rights of the defendant in that it amounted to an expression of opinion by the court as to the seriousness of the crime with which the defendant was charged. We see nothing prejudicial to the defendant in advising the jury of the seriousness of the crime

of which the jury would convict if they brought in a verdict of guilty.

The defendant also complains that at the time the jury was selected a full panel of jurors was not in attendance. No showing in the record is pointed out to us that this was a fact or that if it was a fact how the defendant was prejudiced thereby. No objection was made to the manner in which the jury was being chosen. The transcript recites that "a jury having been duly and regularly empaneled and sworn, the following proceedings were had:" From a careful study of this record we are assured that the defendant had a fair trial. The evidence sustains the verdict of the jury and the sentence imposed was within the statutory limits and the sound discretion of the trial court. The judgment appealed from is affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.