**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Earl Martin JOERN, Defendant and Appellant.**

**Crim. No. 566.**

Supreme Court of North Dakota.

Jan. 27, 1977.

Joseph A. Turman, Asst. State's Atty., Fargo, for plaintiff and appellee State of North Dakota.

C. Charles Chinquist, Fargo, for defendant and appellant.

VOGEL, Justice.

The defendant appeals from his conviction of gross sexual imposition, approximately equivalent to the former crime of first-degree rape. The case was tried to a jury.

The complainant, a young divorced woman who lived with her three children in a mobile home, testified that a man entered the home on a Friday evening after she and her children were in bed. She asked who it was, and he gave a name she did not understand. She asked him to leave and he refused. He told her what he intended to do. He lay on her in such a way that she could not use her arms. She wriggled and tried to escape, but could not. He made no threats, unless it was a threat to say, "Bite me, just bite me," in a way she interpreted as constituting a "dare."

She described him as about six feet tall, solidly built, with a full beard, and wearing a tan or off-white jacket and tan or off-white trousers and boots. She saw his face once in the light, after the sexual act was completed, when he turned on the light to pick up something he had dropped on the floor, just as he was leaving. He asked if he could come back the next night and she told him he could not.

She immediately called a neighbor, who advised her to call the police. She did so and gave a full report, including a description which matched the defendant quite closely.

The next night, when she had a married couple to whom she was related staying with her, the defendant came to the door after all of them were in bed and the lights were out. He was captured at the door by the male relative. He claimed he was looking for a party that was going on somewhere in the trailer court.

At the trial, he never specifically denied committing the offense. He said he could not remember anything about it.

He had a 13-year-old girlfriend, who testified that she was told on Saturday by him that he had gone to bed with a woman the night before. The defendant could not re-

member telling the girlfriend this story, but did not deny it, either, and admitted the girlfriend was a truthful person.

The defendant raises two issues. The first is whether the court committed prejudicial error in failing to instruct on the defense of consent, and the second is whether the Supreme Court should modify the sentence pronounced by the trial court.

I

The trial court gave no specific instruction as to consent. None was requested.

The trial court fully instructed on the elements of the offense of gross sexual imposition. Those instructions included these three paragraphs:

"Under the laws of the State of North Dakota, the crime of gross sexual imposition is defined and is a crime when a person engages in a sexual act with another or who causes another to engage in a sexual act if he compels the victim to submit by force or by threat of imminent death, serious bodily injury or kidnaping to be inflicted on any human being.

. . . . .

"You are further instructed that the term 'serious bodily injury' means bodily injury which creates a substantial risk of death or which causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ.

. . . . .

"The court further instructs the jury that the force mentioned in the foregoing definition as applied to the crime charged is such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case."

The instructions clearly require the jury to find the use of force sufficient to overcome resistance. The use of the word "compels" negates consent, as does the re-

923

quirement that the use of "force" be found by the jury. See *People v. Hayn,* 34 Ill. App.3d 1029, 341 N.E.2d 182 (1976).

We find nothing in the evidence to suggest that the complainant consented at any time to the acts of the defendant. The defendant does not even argue that force was not used. He seems to suggest that the complainant consented after the force was used. Such an unlikely consent is not suggested by the evidence and, in the absence of any request for an instruction on the subject, there is no need for the trial court to suggest it.

It is true, as defendant asserts, that he was given no opportunity to take exception to the instructions, and therefore all instructions given are deemed excepted to. Rule 30(c), N.D.R.Crim.P. However, defendant does not claim that the instructions given are erroneous—he claims only that they are incomplete, in that one possible defense is not mentioned. He alleges nondirection.

█ Nondirection is not prejudicial error unless it amounts to misdirection. *State v. Gibson,* 69 N.D. 70, 284 N.W. 209 (1939). This also is the rule in civil cases. *Nokota Feeds, Inc. v. State Bank of Lakota,* 210 N.W.2d 182 (N.D.1973). We hold that there was no misdirection, and therefore no error.

## II

█ The defendant asks us to review and modify the sentence of imprisonment imposed upon him. He points to Section 29–28–28, N.D.C.C., as our authority to do so. It says that the Supreme Court may "set aside, affirm, or modify" judgments or orders.

Defendant concedes that this court has held that we have no authority to review a sentence between the minimum and maximum penalties permitted by statute. *State v. Holte,* 87 N.W.2d 47 (N.D.1957); *State v. Taylor,* 70 N.D. 201, 293 N.W. 219 (1940); *State v. Jochim,* 55 N.D. 313, 213 N.W. 484 (1927). In *State v. Holte, supra,* this court quoted with approval paragraph 7 of the

syllabus in *State v. Taylor, supra,* as follows:

"Where the trial court is given by statute the discretion of imposing a penalty within limitations fixed by the statute, and the trial court, in passing sentence, exercises such discretion within the limitations fixed by statute, this court has no power to review the discretion of the court in fixing the term of imprisonment." 87 N.W.2d 47, at 50.

Defendant argues that we should adopt what he calls the "better view" expressed in *State v. Foutch,* 196 Neb. 644, 244 N.W.2d 291 (1976). North Dakota has no statute like Nebraska's (Sec. 29–2308, R.R.S.1943), specifically authorizing us to reduce sentences. In the absence of such a statute, we will not do so.

Very recently, in *State v. Rueb,* 249 N.W.2d 506 (N.D.1976), a majority of this court held that the State could appeal from an order granting a motion for reduction of sentence under Rule 35, N.D.R.Crim.P., since the order granting such a motion is "an order made after judgment affecting any substantial right of the state" made appealable by subsection 4 of Section 29–28–07, N.D.C.C. The author of the present opinion dissented. However, we are all agreed that a sentence falling within the range of the minimum and maximum sentences permitted by statute is not subject to modification by this court on appeal from the judgment, even though an order modifying such a sentence under Rule 35 may be appealable under Section 29–28–07, N.D.C.C.

Affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.