2009 ND 85

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Ryan Ray CORMAN, Defendant and Appellant.**

**No. 20080156.**

Supreme Court of North Dakota.

May 14, 2009.

Carmell Faye Mattison, Assistant State's Attorney, Grand Forks, for plaintiff and appellee; submitted on brief.

Mark Taylor Blumer, Valley City, for defendant and appellant; submitted on brief.

CROTHERS, Justice.

[¶ 1] Ryan Ray Corman appeals from a criminal judgment entered after the district court found him guilty of contributing to the delinquency or deprivation of a minor under N.D.C.C. § 14–10–06. The court sentenced Corman to serve one year in prison with six months suspended and required him to register as a sex offender. Because we conclude there is sufficient evidence to support his conviction for contributing to the delinquency or deprivation of a minor and because the district court did not err by requiring him to register as a sex offender under N.D.C.C. § 12.1–32–12(2)(e), we affirm the judgment, as modified.

I

[¶ 2] In June 2007, the State charged Corman, a 47–year–old male, with contributing to the delinquency or deprivation of a minor under N.D.C.C. § 14–10–06 and with harassment under N.D.C.C. § 12.1–32–01(5). The State alleged Corman provided R.L., a 15–year–old juvenile male,

with pornographic DVDs and magazines. The State also alleged Corman left telephone messages with the juvenile threatening to assault the juvenile's father and threatening to call social services on his family and have him removed from the home. Corman pled not guilty to both charges.

[¶ 3] At a March 2008 bench trial, R.L.'s mother testified that Corman and R.L. have known each other since 2003. The mother had arranged for Corman to be an informal "big brother" for R.L. because R.L.'s father was in prison. The mother testified she became concerned about Corman's relationship with her son when Corman began purchasing expensive gifts for R.L. and when R.L. began to bring home sexually explicit DVDs and magazines. The mother testified about an incident in December 2006, when Corman provided R.L. with a bag of magazines, including "Hustler" and "Barely Legals." The mother testified she found sexually explicit DVDs in R.L.'s possession beginning in late summer 2006. The mother testified she confiscated the DVDs and made R.L. throw away the magazines. Grand Forks police officer William Macki testified that the police confiscated the DVDs in March 2007. The mother testified that Corman denied supplying her son with the materials when she confronted him.

[¶ 4] Six DVDs were received into evidence at trial. Officer Macki testified he had viewed portions of the DVDs, which contained "hard core pornographic" video with full nudity, oral sex, and vaginal sex, "including male and female sex and female/female sex, and this was to include ejaculation."

[¶ 5] R.L. testified Corman purchased the magazines and DVDs for him. R.L. testified he and Corman would drive to the Plain Brown Wrapper in Grand Forks and he would wait in the car while Corman would go inside to purchase the items, which Corman then gave to R.L. R.L. testified this occurred about once a month between August and December 2006. R.L. also testified Corman showed R.L. where sexually explicit materials were kept in Corman's house and allowed R.L. to view them. At trial, Corman admitted having "pornographic" materials in his home, but denied showing or giving R.L. any materials, maintaining that he spoke to R.L. about taking things that were not his and that when he confronted R.L., R.L. "was very contrite, and apologized to [Corman] because we had a very good trust thing going on and I had trusted him." Corman also testified he frequented the Plain Brown Wrapper "[o]nce a month or less."

[¶ 6] After the State rested its case, Corman moved for an acquittal on both charges on the ground that the State had failed to carry its burden of proof. The district court denied Corman's motion. After Corman presented evidence, the court found Corman not guilty of harassment, but found him guilty of contributing to the delinquency or deprivation of a minor, in violation of N.D.C.C. § 14–10–06. In June 2008, the district court sentenced Corman to serve one year in the Grand Forks County Correctional Center, with six months suspended. The court ordered Corman to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(d) and (e).

## II

[¶ 7] Corman argues there was insufficient evidence to support his conviction for contributing to the delinquency or deprivation of a minor under N.D.C.C. § 14–10–06. The narrow issue raised on appeal is whether Corman was improperly convicted when Corman maintains he did not provide the sexually explicit material

to R.L. and when the evidence against him consists of conflicting testimony by the mother and R.L.

■ [¶ 8] We have previously discussed our standard of review for sufficiency of the evidence challenges:

"In an appeal challenging the sufficiency of the evidence, we look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses. A verdict based on circumstantial evidence carries the same presumption of correctness as other verdicts. A conviction may be justified on circumstantial evidence alone if the circumstantial evidence has such probative force as to enable the trier of fact to find the defendant guilty beyond a reasonable doubt. Moreover, a jury may find a defendant guilty even though evidence exists which, if believed, could lead to a not guilty verdict."

State v. Noorlun, 2005 ND 189, ¶ 20, 705 N.W.2d 819 (citations omitted); see also State v. Myers, 2006 ND 242, ¶ 19, 724 N.W.2d 168. Our standard of review for a criminal trial before the district court without a jury is the same as a trial with a jury. State v. Brossart, 2007 ND 39, ¶ 6, 729 N.W.2d 137; State v. Brandner, 551 N.W.2d 284, 286 (N.D.1996).

[¶ 9] Section 14–10–06(1), N.D.C.C., states: "Any individual who by any act willfully encourages, causes, or contributes

to the delinquency or deprivation of any minor is guilty of a class A misdemeanor." In this case, the district court convicted Corman of violating N.D.C.C. § 14–10–06, finding that the exhibits received into evidence are "pornographic" material and that "testimony indicate[d] beyond a reasonable doubt that Mr. Corman purchased them from the Brown Paper Wrapper (sic) and gave them, furnished them ... to the minor ..." in addition to allowing "the minor to view pornographic material in his home."

[¶ 10] Corman argues he was improperly convicted because he did not provide the materials to R.L. and because the evidence against him consisted of the testimony of R.L. and R.L.'s mother, "which consistently conflicted with each other." Corman also argues the evidence at trial was not of such "probative force" as to enable the district court to find him guilty beyond a reasonable doubt. The State argues that R.L. and his mother never wavered in their reports to police and in their testimony at trial that Corman had given R.L. the materials.

■ [¶ 11] Here, the district court heard testimony from Corman, R.L., R.L.'s mother and law enforcement officers. In finding Corman guilty of contributing to the delinquency or deprivation of a minor, the court clearly did not believe Corman's testimony that he did not provide the materials to R.L. and gave greater weight to the testimony of R.L., R.L.'s mother and law enforcement. This Court will not reweigh conflicting evidence or judge the witnesses' credibility in considering a sufficiency of the evidence claim. See Noorlun, 2005 ND 189, ¶ 20, 705 N.W.2d 819.

[¶ 12] Additionally, the district court found that the DVDs constituted "pornography," and the court heard testimony

from Rick Guzman, a social worker with Grand Forks County Social Services, that "[d]eprivation of a minor is basically when a child is being exploited by a caretaker, an adult person, in a fashion that is detrimental to their well-being and their welfare." *Cf. Interest of M.B.*, 2006 ND 19, ¶ 15, 709 N.W.2d 11 (holding referee's finding children were deprived supported by evidence which included testimony that children were exposed to pornographic films, were obsessed with sexual matters, and had watched their father engage in sexual intercourse in front of them). Further, Officer Macki testified that he spoke with the Plain Brown Wrapper management, confirming that a person had to be eighteen years old to purchase this type of material from the Plain Brown Wrapper. Officer Macki also testified that he has had training dealing with internet crimes involving luring juvenile victims, and testified that individuals will foster a relationship with a juvenile and "[o]ftentimes" send pornographic photos or video clips to "systematically break[ ] down or reduce[ ] the inhibitions that the minor may have."

[¶ 13] After viewing the evidence in the light most favorable to the State and giving the State the benefit of all inferences reasonably to be drawn in its favor, we conclude a rational fact-finder could find Corman guilty beyond a reasonable doubt. We affirm Corman's conviction.

### III

[¶ 14] Corman argues the district court erred by requiring him to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(d) and (e).

■ [¶ 15] This Court has described the standard for reviewing a criminal sentence:

"A trial judge is allowed the widest range of discretion in fixing a criminal sentence; this court has no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Appellate review of a criminal sentence is generally confined to whether the [district] court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor. Statutory interpretation, however, is a question of law fully reviewable on appeal."

*State v. Shafer–Imhoff*, 2001 ND 146, ¶ 29, 632 N.W.2d 825 (internal citations and quotation omitted); *see State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990) (holding trial judge has widest possible range of discretion in fixing sentences). Penal statutes are generally strictly construed against the government. *See State v. Whalen*, 520 N.W.2d 830, 832 (N.D.1994); *State v. Sheldon*, 312 N.W.2d 367, 369 (N.D.1981).

■ [¶ 16] Corman argues, and the State concedes, that the district court erred in sentencing Corman to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(d) because Corman's conviction did not involve a "crime against a child" as that term is specifically defined in N.D.C.C. § 12.1–32–15(1)(a). We agree and, therefore, modify the criminal judgment to delete the part of the judgment sentencing Corman to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(d).

■ [¶ 17] The district court, however, also ordered Corman to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(e), which permits the court to require registration for an offender who:

"Has pled guilty or nolo contendere, been found guilty, or been adjudicated delinquent of any crime against another individual which is not otherwise specified in this section *if the court finds the individual* demonstrated mental abnor-

mality or *sexual predatory conduct in the commission of the offense* and therefore orders registration for the individual. If the court orders an individual to register as an offender under this section, the individual shall comply with all of the registration requirements in this chapter."

(Emphasis added.)

[¶ 18] For purpose of this section, "predatory" is defined as "an act directed at a stranger or at an individual with whom a relationship has been established or promoted *for the primary purpose of victimization.*" N.D.C.C. § 12.1–32–15(1)(d) (emphasis added). Under N.D.C.C. § 12.1–32–15(4), in considering mental abnormality or predatory conduct, "the court shall consider the age of the offender, the age of the victim, the difference in ages of the victim and offender, the circumstances and motive of the crime, the relationship of the victim and offender, and the mental state of the offender. The court may order an offender to be evaluated by a qualified counselor, psychologist, or physician, before sentencing. . . ."

[¶ 19] Corman argues the district court erred in determining he was found guilty under circumstances demonstrating "sexual predatory conduct." Corman argues there was no evidence demonstrating he had directed any act toward R.L. for the "primary purpose of victimization." Corman asserts he was requested by R.L.'s mother to act as R.L.'s big brother and to assist R.L. in finishing school. Corman asserts he was involved in R.L.'s life from 2003 until 2007 and there was no evidence demonstrating he intended to victimize the juvenile by making any advances or suggestive behavior toward him. Corman further argues the court did not consider the motive of the crime and did not find that his purpose in befriending R.L. and his family was "primarily" to victimize R.L.

[¶ 20] The State argues the facts presented during the bench trial provided sufficient evidence for the district court to decide Corman's conduct was "predatory." The State emphasizes that the case was a bench trial and, as the finder of fact, the court heard all the testimony during trial, in addition to considering the testing and evaluations completed by the State's psychologist as part of a pre-sentence investigation. The State cites the 30–year age disparity between Corman and R.L. and also asserts that the act of giving pornography to the juvenile was directed at an individual with whom a relationship had been established. The State asserts that conduct plus Corman's "past conviction of child molestation and continued alcohol, [sic] were sufficient to assist the court in considering [Corman's] conduct predatory."

[¶ 21] Although the district court did not make a specific finding that the primary purpose of Corman's relationship with R.L. was to victimize R.L., the court implicitly found that the relationship between Corman and R.L. was for purposes of providing pornography or corrupting the juvenile. Based on the circumstances of the case, the district court ordered a pre-sentence investigation, which included a sex offender evaluation. At the sentencing hearing, the district court found the following:

"And also based on the recommendation of the evaluator, Dr. Newberry, the Court will require the Defendant to register as a sex offender under the statute.

"Additionally, under (e), the Defendant was found guilty of a, [sic] under circumstances that demonstrated sexual predatory conduct. In considering subpart (4), the difference in age of the individuals and the age—by that I mean the age of the offender and the age of the victim, their relationship of trust

that had been established between the individuals, the circumstances involved and the mental state of the offender, that this did constitute predatory conduct.

"The Defendant will be sentenced to one year at the Grand Forks County Correction Center with six months suspended for two years with two years of supervised probation. I believe this is an appropriate balance involving the circumstances and also involved in the criminal history and involved with the circumstances here.

"This is, there was at least one, one other molestation conviction a number of years ago involving a minor 9 years old, involving alcohol and prescription drugs and a, and a plea to that charge. And also there was an additional battery conviction not involving a minor but there's a, and there's continued use of alcohol which Dr. Newberry points out is a potentially dangerous situation."

The district court's findings are sufficient to support sentencing Corman under N.D.C.C. § 12.1–32–15(2)(e).

[¶ 22] Because we conclude the district court acted within the sentencing limits prescribed by statute and did not rely on an impermissible factor, we conclude the district court did not err in requiring Corman to register as a sex offender under N.D.C.C. § 12.1–32–15(2)(e).

### IV

[¶ 23] The criminal judgment is affirmed as modified.

[¶ 24] GERALD W. VAN DEWALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.