2014 ND 202

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Rapheal Jamell MURPHY, Defendant and Appellant.**

**No. 20140079.**

Supreme Court of North Dakota.

Nov. 5, 2014.

Tracy J. Peters, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Benjamin C. Pulkrabek, Mandan, N.D., for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Rapheal Jamell Murphy appeals from a criminal judgment entered after he pleaded guilty to one count of delivering cocaine within 1,000 feet of a school. We affirm in part, concluding Murphy's guilty plea was entered in substantial compliance with N.D.R.Crim.P. 11. However, because the district court misinterpreted N.D.C.C. § 19–03.1–23.2 in determining the scope of its discretion in sentencing Murphy, we vacate the sentence and remand for resentencing.

I

[¶ 2] In March 2013, the State charged Murphy with delivery of cocaine within 1,000 feet of a school, a class AA felony, and tampering with physical evidence, a class C felony. The information also stated Murphy had prior drug convictions in Minnesota state court. The State later amended the information to include a charge of possession of cocaine with intent to deliver within 1,000 feet of a school. In November 2013, Murphy pleaded guilty to the charge of delivery of cocaine within 1,000 feet of a school, and the district court accepted his guilty plea.

[¶ 3] In March 2014, the district court held a hearing addressing the remaining two charges, Murphy's prior convictions, and sentencing. At the outset of the hearing, the court permitted the State to file a second amended information, clarifying the alleged prior offenses to include an additional prior drug conviction in federal court. The court allowed Murphy to withdraw his previously entered guilty plea and enter a guilty plea to count one of the second amended information, charging him with delivery of cocaine within 1,000 feet of a school. The court also granted the State's motion to dismiss the remaining two charges against Murphy.

[¶ 4] The parties then presented arguments regarding sentencing, including consideration of Murphy's prior convictions in other jurisdictions and whether North Dakota law permits the court to consider deferring or suspending any part of the

mandatory minimum sentence. The district court concluded N.D.C.C. § 19–03.1–23.2 does not authorize a deferred or suspended sentence and sentenced Murphy to the mandatory minimum sentence of twenty-eight years in prison.

## II

[¶ 5] Murphy argues the district court failed to properly inform him of an additional mandatory eight-year consecutive sentence required under N.D.C.C. § 19–03.1–23(3) before accepting his guilty plea at the March 2014 hearing.

[¶ 6] Murphy concedes on appeal that he did not raise this issue below and has not moved to withdraw his guilty plea in the district court. Issues not raised in the district court will not be addressed for the first time on appeal, unless the alleged error rises to the level of obvious error affecting substantial rights under N.D.R.Crim.P. 52(b). *See State v. Henes,* 2009 ND 42, ¶ 7, 763 N.W.2d 502. Under N.D.R.Crim.P. 52, any "error, defect, irregularity or variance that does not affect substantial rights must be disregarded."

[¶ 7] Generally, a valid guilty plea must be entered knowingly, intelligently, and voluntarily. *See Sambursky v. State,* 2006 ND 223, ¶ 9, 723 N.W.2d 524. Under N.D.R.Crim.P. 11, the district court must advise a defendant of certain rights, including any mandatory minimum sentence before accepting a defendant's guilty plea. *Sambursky,* at ¶ 9; *State v. Raulston,* 2005 ND 212, ¶ 11, 707 N.W.2d 464. "The requirement to advise the defendant under N.D.R.Crim.P. 11 is mandatory and binding upon the court." *Sambursky,* at ¶ 9; *see also State v. Feist,* 2006 ND 21, ¶ 24, 708 N.W.2d 870. We have also explained that N.D.R.Crim.P. 11 does not require "ritualistic compliance," but a court must "substantially comply" with the rule's procedural requirements to ensure a defen-

dant is entering a voluntary and intelligent guilty plea. *See State v. Trevino,* 2011 ND 232, ¶ 8, 807 N.W.2d 211; *State v. Blurton,* 2009 ND 144, ¶ 10, 770 N.W.2d 231; *Abdi v. State,* 2000 ND 64, ¶ 12, 608 N.W.2d 292; *State v. Hoffarth,* 456 N.W.2d 111, 113–14 (N.D.1990); *State v. Storbakken,* 246 N.W.2d 78, 83 n. 5 (N.D.1976).

[¶ 8] Murphy contends the district court failed to properly inform him of an additional mandatory eight-year consecutive sentence under N.D.C.C. § 19–03.1–23(3) before accepting his guilty plea at the March 2014 hearing. The State responds, however, that the record from the three hearings in this case demonstrates Murphy had previously been informed of the applicable mandatory minimum sentence when he entered his guilty plea. The State asserts "substantial compliance" with N.D.R.Crim.P. 11 exists when considering the record in this case. *See State v. Schweitzer,* 510 N.W.2d 612, 615–16 (N.D. 1994) ("[S]ubstantial compliance with Rule 11 exists if the record of the arraignment, in conjunction with the record of the change-of-plea hearing, clearly reveals that the trial court informed the defendant of the rights he was waiving by pleading guilty.").

[¶ 9] Here, although the district court did not specifically inform Murphy of the additional mandatory eight-year consecutive sentence under N.D.C.C. § 19–03.1–23(3) before accepting his guilty plea at the March 2014 hearing, the transcripts of the hearings held in March 2013, November 2013, and March 2014 plainly show Murphy was informed and understood he was facing the possibility of a mandatory minimum sentence of twenty-eight years in prison for the charge of delivery of cocaine within 1,000 feet of a school. At his initial appearance in March 2013, the district court informed Murphy that with two alleged prior convictions for drug violations, plus committing the present offense within

1,000 feet of a school, the mandatory minimum sentence was twenty-eight years incarceration.

[¶ 10] At the November 2013 hearing, during which Murphy initially pleaded guilty to the charge, the State specifically stated there was a mandatory minimum sentence of twenty-eight years incarceration for the charge. Murphy also acknowledged that the charge came with a mandatory minimum penalty when he initially pleaded guilty at that hearing. Further, during the March 2014 hearing when he withdrew his earlier plea and entered his guilty plea to the same charge in the second amended information, Murphy specifically waived his right to have the charges read to him along with an explanation of the possible penalties.

▆ [¶ 11] Although the penalty section of the original information in this case did not specifically include a citation to N.D.C.C. § 19–03.1–23(3), we note the information, the amended information, and the second amended information all provided that the mandatory minimum penalty for count one, delivery of cocaine within 1,000 feet of a school, to which Murphy ultimately pleaded guilty, was twenty-eight years incarceration. "The purpose of the N.D.R.Crim.P. 11(b) requirements is to ensure the defendant is aware of the consequences of his guilty plea." *Blurton,* 2009 ND 144, ¶ 11, 770 N.W.2d 231. We conclude Murphy has not sustained his burden of demonstrating obvious error because he has failed to establish that a substantial right has been affected. *See Bay v. State,* 2003 ND 183, ¶ 14, 672 N.W.2d 270 (refusing to address whether the trial court should have permitted the defendant to withdraw his guilty plea because the court did not inform him of the maximum and any mandatory minimum punishment required by Rule 11(b)(2) when the defendant failed to raise the issue in the district court); *State v. Mora,*

2000 ND 179, ¶ 15, 617 N.W.2d 478 (concluding no substantial right was affected when the defendant had notice the State was alleging a prior offense and notice of the specific offenses alleged); *City of Fargo v. Bommersbach,* 511 N.W.2d 563, 566 (N.D.1994) (refusing to exercise power to notice obvious error when trial court, without objection, imposed a mandatory minimum sentence under a statute requiring it to do so).

[¶ 12] On this record, we conclude that the district court substantially complied with N.D.R.Crim.P. 11 in accepting Murphy's guilty plea and that Murphy has not established obvious error affecting substantial rights under N.D.R.Crim.P. 52(b).

III

[¶ 13] Murphy argues the district court erred in sentencing him because the court failed to consider that he may be eligible for a deferred or a suspended sentence under N.D.C.C. § 19–03.1–23.2, which provides:

Whenever a mandatory term of imprisonment is prescribed as a penalty for violation of this chapter, the court may not defer imposition of sentence, nor may the court suspend any part of a specified mandatory term, either at the time of or after the imposition of the sentence, *unless the court first finds that the offense was the defendant's first violation of this chapter, chapter 19–03.2, or chapter 19–03.4 and that extenuating or mitigating circumstances exist which justify a suspension.* The court shall announce the circumstances that justify a suspension in open court when sentence is imposed and recite these circumstances in the sentence or order suspending part of the sentence.

(Emphasis added.)

A

[¶ 14] Because this Court's review of a criminal sentence is traditionally limited,

we must first address whether we have the power on appeal to address Murphy's argument regarding his sentence.

[¶ 15] We have explained that "[o]ur appellate review of a criminal sentence is very limited." *State v. Ennis,* 464 N.W.2d 378, 382 (N.D.1990).

> "A trial judge is allowed the widest range of discretion in fixing a criminal sentence; this court has no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Appellate review of a criminal sentence is generally confined to whether the [district] court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor. Statutory interpretation, however, is a question of law fully reviewable on appeal."

*State v. Corman,* 2009 ND 85, ¶ 15, 765 N.W.2d 530 (quoting *State v. Shafer–Imhoff,* 2001 ND 146, ¶ 29, 632 N.W.2d 825 (internal citations and quotation marks omitted)); *see Ennis,* 464 N.W.2d at 382 ("On appeal of a claim that a sentence is excessive or incorrect, this court has no power to review the discretion of a sentencing court in fixing a term of imprisonment within the range authorized by statute."); *see also State v. Joern,* 249 N.W.2d 921, 923 (N.D.1977); *State v. Holte,* 87 N.W.2d 47, 50 (N.D.1957); *State v. Taylor,* 70 N.D. 201, 212, 293 N.W. 219, 225 (1940); *State v. Jochim,* 55 N.D. 313, 319–21, 213 N.W. 484, 487–88 (1927).

[¶ 16] Here, after accepting Murphy's guilty plea to the charge in the second information, the district court sentenced Murphy to twenty-eight years in prison. Based on his guilty plea, Murphy became subject to a mandatory twenty-year term of imprisonment under N.D.C.C. § 19–03.1–23(1)(a)(2) (requiring a twenty-year imprisonment term for a "third or subsequent offense"), and to an additional eight-year term for delivery of cocaine within 1,000 feet of a school under N.D.C.C. § 19–03.1–23(3)(a) (mandating an additional eight-year consecutive sentence "[f]or second or subsequent offenders" when the offense is committed within 1,000 feet of a school). Murphy does not challenge on appeal the applicability of the mandatory terms of imprisonment under N.D.C.C. § 19–03.1–23. He also does not argue that the court's sentence is not within the range authorized by statute or that the court relied upon an impermissible factor in sentencing him. Murphy instead argues the district court misinterpreted N.D.C.C. § 19–03.1–23.2 in sentencing him and failed to recognize the statute granted the court discretion to suspend or defer his sentence.

[¶ 17] In sentencing Murphy, the district court considered his argument but concluded N.D.C.C. § 19–03.1–23.2 did not give the court discretion to impose a deferred or suspended sentence. The court explained:

> The bigger question is whether or not the Court has the power in this case to suspend or defer any portion of that sentence, based on the reading of the statute—the [19–03.1–]23.2 statute. I think that's a much closer call. However, based on my review of the entirety of the criminal code, I don't believe that was the intent of the legislature. I haven't had a great deal of time to look at this since this is the first I've heard of it, as well. So I did the best I could to see if I could find any cases from any other states which interpreted their similar statutes.
>
> So for purposes of the record, since I assume that this is going to be an issue that will be decided on appeal by the Supreme Court, and that they'll have much more time to look at the issue than

I've had, I am going to specifically find that the provision of 19–03.1–23.2 does not allow me to suspend or defer imposition of any portion of the sentence. If I am incorrect on that, then I assume that the case will be sent back down and I will be able to look at that issue in more detail to see whether a suspension or deferral is warranted in this case. I don't reach the issue of [if] it's warranted because I don't think I can do it in this case.

[¶ 18] Murphy argues the district court improperly left it up to this Court to decide whether he was a first-time offender and, thus, eligible for deferred or suspended sentence under N.D.C.C. § 19–03.1–23.2. Murphy essentially asks this Court to review whether the district court erred in failing to recognize the discretion provided under N.D.C.C. § 19–03.1–23.2. He contends the district court failed to engage in a meaningful analysis to ascertain whether it had discretion under the statute and assumed the issue would be decided by this Court on appeal.

[¶ 19] As explained, however, our appellate review of a criminal sentence is "very limited" and affords the "widest range of discretion in fixing a criminal sentence." *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990). We reiterate that "[o]n appeal of a claim that a sentence is excessive or incorrect, this Court has *no power to review the discretion of a sentencing court* in fixing a term of imprisonment within the range authorized by statute." *Id.* (emphasis added). For example, this Court in *Ennis* considered the legislature's enactment of language requiring a district court to explain its sentence under N.D.C.C. § 12.1–32–02(6). *Ennis*, at 382–83. Despite the statutory requirement that a sentencing court provide written reasons for a sentence, this Court held the statute did not authorize "general appel-

late review of a sentencing judge's discretion." *Id.* at 383. This Court concluded that only "the traditional, limited appellate review of a trial court's criminal sentence is still contemplated." *Id.* at 382.

[¶ 20] Although our review generally has been confined to deciding whether the district court acted within statutory prescribed limits or substantially relied on an impermissible factor, the district court here did not exercise any statutory discretion under N.D.C.C. § 19–03.1–23.2. Rather, the court construed N.D.C.C. § 19–03.1–23.2 and concluded as a matter of law that the statute did not provide the court the power in this case to suspend or defer any portion of Murphy's sentence. Instead of exercising discretion, the court held it had no authority under the statute and assumed this Court would simply reverse and remand if it had incorrectly construed the statute.

[¶ 21] In somewhat analogous circumstances, courts have held that, even when an appellate court does not have jurisdiction to hear the appeal of a presumptive sentence, an appellate court has the limited authority to review and set aside a criminal sentence within presumptive statutory limits when a district court explicitly misinterprets its statutory sentencing authority and refuses to consider a defendant's request to consider discretionary matters the court has statutory authority to consider. *See State v. Warren*, 297 Kan. 881, 304 P.3d 1288, 1291–92 (2013); *see also State v. Morningstar*, 299 Kan. 1236, 329 P.3d 1093, 1096 (2014); *State v. Currie*, 49 Kan.App.2d 499, 308 P.3d 1289, 1291–92 (2013). Similarly, courts have also held that a trial court's use of a mechanical sentencing formula or policy as to any portion of a sentence amounts to a refusal to exercise its discretion and therefore an abdication of judicial responsibility. *See Graydon v. State*, 313 Ga.App. 580, 722

S.E.2d 173, 174 (2012) ("We will remand only when the record clearly establishes either that the trial court refused to consider first offender treatment on the merits or erroneously believed that the law did not permit such an exercise of discretion."); *Cottingham v. State*, 206 Ga.App. 197, 424 S.E.2d 794, 797 (1992) (citing *United States v. Brown*, 723 F.2d 826 (11th Cir.1984)).

[¶ 22] In this case, Murphy effectively argues the district court misinterpreted N.D.C.C. § 19–03.1–23.2 and improperly limited its own statutory authority in sentencing him. Under these limited circumstances in which a district court explicitly and clearly on the record interprets a statute to ascertain *that it lacks discretion* in sentencing, as opposed to exercising its discretion, and specifically refuses a defendant's request to consider matters allegedly within its discretion, we hold this Court has the power to review the district court's interpretation of the statute in sentencing a defendant.

[¶ 23] We will, therefore, address Murphy's argument on appeal that the district court misinterpreted N.D.C.C. § 19–03.1–23.2 in determining his sentence.

### B

[¶ 24] Murphy argues the district court failed to consider he may be eligible for a deferred or a suspended sentence under N.D.C.C. § 19–03.1–23.2. He contends that because his prior drug-related convictions were in other jurisdictions, the present offense, to which he pleaded guilty, is his first violation of N.D.C.C. ch. 19–03.1 for purposes of N.D.C.C. § 19–03.1–23.2, and the court retained discretion to defer imposition of his sentence or suspend part of the specified mandatory term.

[¶ 25] This Court's standard for construing a statute is well-established:

Statutory interpretation is a question of law. *Teigen v. State*, 2008 ND 88, ¶ 19, 749 N.W.2d 505. "Statutes must be construed as a whole and harmonized to give meaning to related provisions, and are interpreted in context to give meaning and effect to every word, phrase, and sentence." *Herring v. Lisbon Partners Credit Fund, Ltd. P'ship*, 2012 ND 226, ¶ 15, 823 N.W.2d 493. "In construing statutes, we consider the context of the statutes and the purposes for which they were enacted." *Nelson v. Johnson*, 2010 ND 23, ¶ 12, 778 N.W.2d 773. "When a general statutory provision conflicts with a specific provision in the same or another statute, 'the two must be construed, if possible, so that effect may be given to both provisions.'" *State ex rel. Dep't of Human Servs. v. N.D. Ins. Reserve Fund*, 2012 ND 216, ¶ 12, 822 N.W.2d 38 (quoting N.D.C.C. § 1–02–07). When statutes relate to the same subject matter, this Court makes every effort to harmonize and give meaningful effect to each statute. *Id.*

*State v. Kuruc*, 2014 ND 95, ¶ 32, 846 N.W.2d 314. In harmonizing statutes relating to the same subject matter, we give meaningful effect to each statute, when possible, "without rendering one or the other useless." *State v. Brown*, 2009 ND 150, ¶ 15, 771 N.W.2d 267 (quoting *Public Serv. Comm'n v. Minnesota Grain, Inc.*, 2008 ND 184, ¶ 20, 756 N.W.2d 763). Further, "[w]hen a statute is clear and unambiguous, it will not be 'interpret[ed] . . . as though language not present should have been added.'" *Ralston v. Ralston*, 2003 ND 160, ¶ 7, 670 N.W.2d 334 (quoting *Bouchard v. Johnson*, 555 N.W.2d 81, 83 (N.D. 1996)). We will generally strictly construe penal statutes against the government. *Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530.

[¶ 26] Section 19–03.1–23.2, N.D.C.C., provides that when a mandatory term of imprisonment is prescribed as a penalty for violating N.D.C.C. ch. 19–03.1, the district court may not defer or suspend the defendant's sentence "unless the court first finds that the offense was the defendant's first violation of this chapter, chapter 19–03.2, or chapter 19–03.4 and that extenuating or mitigating circumstances exist which justify a suspension." *See State v. Jones*, 1999 ND 61, ¶ 13, 591 N.W.2d 135 ("Section 19–03.1–23.2 prohibits suspending any part of the mandatory minimum sentence unless the court finds 'the offense was the defendant's first violation of this chapter.'"). The legislature enacted N.D.C.C. § 19–03.1–23.2 in 1993 when it amended N.D.C.C. § 19–03.1–23 to provide for certain mandatory terms of imprisonment for specified drug offenses. *See* 1993 N.D. Sess. Laws ch. 128, §§ 3, 4.

[¶ 27] In 2001, the legislature enacted H.B. 1364—filed March 19, 2001, with an effective date of August 1, 2001—which amended N.D.C.C. § 19–03.1–23 to remove mandatory prison terms for first offenses and also amended N.D.C.C. § 19–03.1–23.2 to delete the language "unless the court first finds that the offense was the defendant's first violation of this chapter and that extenuating or mitigating circumstances exist which justify a suspension," in addition to deleting the final sentence of N.D.C.C. § 19–03.1–23.2. *See* 2001 N.D. Sess. Laws ch. 215, §§ 1, 2. In the same session, however, the legislature also enacted S.B. 2444—filed and, under an emergency clause, effective April 12, 2001— which amended N.D.C.C. § 19–03.1–23.2 to add the specific references to chapters 19–03.2 and 19–03.4 in the language of N.D.C.C. § 19–03.1–23.2, currently present in the statute and purportedly removed by H.B. 1364. *See* 2001 N.D. Sess. Laws ch. 214, § 5.

[¶ 28] A note in the 2001 Supplement to N.D.C.C. § 19–03.1–23.2 explains that the legislature amended this section twice in 2001, and under N.D.C.C. § 1–02–09.1 the section was printed "to give effect to the changes made in section 5 of chapter 214, S.L. 2001, which was later in date of enactment than section 2 of chapter 215, S.L. 2001." *See* N.D.C.C. § 19–03.1–23.2, Note (Supp. 2001); *see also* N.D.C.C. § 1–02–09.1 ("If the amendments [to the same statute] are irreconcilable, the latest in date of enactment prevails."). While the legislature, by enacting H.B. 1364, may have intended to remove the discretionary language at issue in this case when it removed mandatory penalties for first offenses, the language of S.B. 2444, with the relevant language included, prevailed. We are nonetheless left to construe N.D.C.C. § 19–03.1–23.2 in its present form and harmonize the statute with related provisions in N.D.C.C. § 19–03.1–23.

[¶ 29] Murphy does not dispute he has prior convictions in Minnesota state court and in federal court, but he argues the language of N.D.C.C. § 19–03.1–23.2 still allows the district court to consider suspending any part of a mandatory sentence as the defendant's "first violation of this chapter [19–03.1], chapter 19–03.2, or chapter 19–03.4." Murphy contends, and the State concedes, that N.D.C.C. § 19–03.1–23.2 does not specifically state a "first violation" under N.D.C.C. ch. 19–03.1 also includes any equivalent offense under another state or federal law, as the legislature has provided for in other statutes. *E.g.*, N.D.C.C. §§ 19–03.1–23(5), 19–03.1–45(1), 12.1–32–15(1)(a), and 12.1–32–15(1)(e).

[¶ 30] The State responds, however, that this Court should interpret the phrase "first violation of this chapter, chapter 19–03.2, or chapter 19–03.4" in N.D.C.C. § 19–03.1–23.2 to include any "equivalent

offenses" under another state or federal law. The State argues that to conclude the phrase "first violation" under N.D.C.C. § 19–03.1–23.2 means "first violation under only North Dakota law" and not "first violation under any state or federal law" would lead to absurd and ludicrous results. The State contends it would be absurd to permit a district court to deviate from a mandatory minimum drug sentence for a defendant facing a drug delivery charge in North Dakota when a defendant has multiple prior drug convictions outside of North Dakota, but not allow the court to deviate when a defendant has only one prior misdemeanor or felony drug conviction under North Dakota law. Although the State argues what it believes the statute should provide, we are guided by the actual language of the relevant statutes.

[¶ 31] Here, in sentencing Murphy to twenty-eight years in prison under N.D.C.C. §§ 19–03.1–23(1)(a)(2) and 19–03.1–23(3)(a), the district court considered Murphy's "equivalent" prior convictions under Minnesota state law and federal law as required by N.D.C.C. § 19–03.1–23(5), which provides:

> A violation of this chapter *or a law of another state or the federal government which is equivalent to an offense under this chapter* committed while the offender was an adult and which resulted in a plea or finding of guilt must be considered a prior offense *under subsections 1, 3, and 4.* The prior offense must be alleged in the complaint, information, or indictment. The plea or finding of guilt for the prior offense must have occurred before the date of the commission of the offense or offenses charged in the complaint, information, or indictment.

(Emphasis added.) This subsection, unlike N.D.C.C. § 19–03.1–23.2, specifically requires the court to consider violations of another state's law or federal law as

"equivalent" offenses for purposes of applying the mandatory minimum penalties provided in N.D.C.C. § 19–03.1–23(1), (3), and (4). Section 19–03.1–23.2, N.D.C.C., however, contains no language requiring the district court to include "equivalent" offenses as a "first violation," in deciding whether to suspend a defendant's sentence based on a mandatory term of imprisonment under N.D.C.C. ch. 19–03.1.

[¶ 32] On its face, to exercise discretion to suspend a sentence, N.D.C.C. § 19–03.1–23.2 only requires the district court to find that "the offense was the defendant's first violation of this chapter, chapter 19–03.2, or chapter 19–03.4" and that "extenuating or mitigating circumstances exist which justify a suspension." Thus, the plain language of N.D.C.C. § 19–03.1–23.2 allows the court the discretion to suspend the defendant's sentence for a "first violation," without including an "equivalent" offense. That is not to say, however, a court would not consider an "equivalent" offense as contemplated under N.D.C.C. § 19–03.1–23(5) because the court must still find "extenuating or mitigating circumstances" to justify any suspension of a sentence. A district court's analysis could still include consideration of a defendant's "equivalent" convictions in any other state or federal jurisdiction.

[¶ 33] We thus reject the State's assertion that absurd or ludicrous results would occur merely by allowing a district court to exercise discretion in deciding whether to suspend any portion of a mandatory minimum sentence under N.D.C.C. § 19–03.1–23.2. Further, as discussed, the legislature in 2001 removed mandatory minimum penalties for first offenses under N.D.C.C. § 19–03.1–23. If this Court were to construe the "first violation" language in N.D.C.C. § 19–03.1–23.2 to also include any "equivalent" offenses under another state or federal law, we would in effect be

rendering the language useless, leaving a district court without any discretion to suspend a sentence under N.D.C.C. § 19–03.1–23.2 since a defendant must have a second or subsequent offense to receive a mandatory minimum sentence.

[¶ 34] Without including Murphy's violations of "equivalent" offenses from other jurisdictions, it is undisputed the offense to which Murphy pleaded guilty was his first violation of N.D.C.C. ch. 19–03.1 for purposes of N.D.C.C. § 19–03.1–23.2. We, therefore, conclude the district court erred as a matter of law in holding that it did not have discretion to suspend any portion of his sentence and refusing to consider Murphy's request to exercise its discretion. We vacate Murphy's sentence and remand for further consideration, including whether any extenuating or mitigating circumstances exist which justify a suspension.

### IV

[¶ 35] The criminal judgment is affirmed in part, the sentence is vacated, and the case remanded for resentencing consistent with this opinion.

[¶ 36] JAY SCHMITZ, D.J. and DANIEL J. CROTHERS, J., concur.

DALE V. SANDSTROM, J., concurs in the result

[¶ 37] The Honorable JAY A. SCHMITZ, D.J., sitting in place of McEVERS, J., disqualified.

VANDE WALLE, Chief Justice, concurring specially.

[¶ 38] I concur in the result reached in the majority opinion although I am not entirely convinced by the majority's statutory analysis. However, I agree the statutes are ambiguous and, in this instance, I would include in the majority's analysis another rule of statutory construction, i.e.,

the rule of lenity defined by *Black's Law Dictionary* 1332 (7th ed.1999) as "[t]he judicial doctrine holding that a court, in construing an ambiguous criminal statute that sets out multiple or inconsistent punishments, should resolve the ambiguity in favor of the more lenient punishment." *See also State v. Drader*, 432 N.W.2d 553, 555 (N.D.1988) (holding conditions of probation are to be strictly construed in favor of the offender). Applying the rule of lenity with the other rules of statutory construction, I conclude the trial court does have discretion to suspend a portion of Murphy's sentence.