1999 ND 61

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Glenda JONES, Defendant and Appellant.**

No. 980163.

Supreme Court of North Dakota.

April 6, 1999.

Tracy Jo Molick, Assistant State's Attorney, Fargo, N.D., for plaintiff and appellee.

Steven D. Mottinger, Fargo, N.D., for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Glenda Jones appeals from a criminal judgment entered upon her guilty plea to two counts of delivery of a controlled substance. We affirm, holding, when a defendant is charged in a single information with two counts of delivery of a controlled substance for two separate incidents, the mandatory minimum sentence for a second offense under N.D.C.C. § 19–03.1–23(1)(a)(2) applies to the second count.

I

[¶ 2] On April 13 and April 16, 1997, Jones and a friend sold cocaine to a confidential informant at a hotel in Fargo. On April 24, 1997, Jones alone sold cocaine to the confidential informant. She was charged with three counts of delivery of a controlled substance in violation of N.D.C.C. § 19–03.1–23(1).

[¶ 3] The State agreed to dismiss the first count, and Jones pled guilty to the remaining two counts. Jones was aware the State contended she would be subject on the second count to the mandatory minimum five-year sentence prescribed by N.D.C.C. § 19–03.1–23(1)(a)(2) for a second offense. Jones argued to the trial court the two counts should be treated together as a first offense, and the five-year mandatory minimum for a second offense should not apply. The trial court concluded the guilty plea to the second count constituted a second offense under N.D.C.C. § 19–03.1–23(1)(a)(2). Accordingly, the court sentenced Jones to a year and a day on the first count and five years on the second count, to run concurrently. Jones appealed.

[¶ 4] The trial court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06(1). This Court has jurisdiction under N.D. Const. art. VI, § 6, and

N.D.C.C. § 29–28–06(2). The appeal was timely under N.D.R.App.P. 4(b)(1).

## II

[¶ 5] Section 19–03.1–23(1) provides, in part:

Except as authorized by this chapter, it is unlawful for any person to willfully ... deliver ... a controlled substance.... Any person who violates this subsection with respect to:

a. A controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine, is guilty of a class A felony and must be sentenced:

(1) For a first offense, to imprisonment for at least a year and a day.

(2) For a second offense, to imprisonment for at least five years.

Cocaine is a schedule II narcotic. *See* N.D.C.C. §§ 19–03.1–01(18)(d) and 19–03.1–07(3)(d); *State v. Kainz,* 321 N.W.2d 478, 482–83 (N.D.1982).

⬛ [¶ 6] Jones argues this was her first drug violation and her conviction on two counts charged in a single information should not subject her ⸰to the mandatory minimum sentence for a second offense. She argues, as a matter of policy, the second offense provision should only be triggered if the defendant has been convicted of a drug offense prior to commission of the second offense.

[¶ 7] The interpretation urged by Jones would require us to read into the statute words that are not there. The statute makes a five-year term mandatory for a "second offense." Jones would have us interpret that language to mean a "second, separate conviction."

[¶ 8] The term "offense" is not defined in N.D.C.C. ch. 19–03.1. It is, however, defined in N.D.C.C. § 12.1–01–04(20), and we look to that definition for guidance: [1]

"Offense" means conduct for which a term of imprisonment or a fine is authorized by statute after conviction.

This definition clarifies that "offense" means the actor's conduct, not the ultimate conviction. Thus, "second offense" means a second instance of conduct which violates the statute, not a second conviction occurring after a prior conviction.

Section 19–03.1–23(5), N.D.C.C., supports this conclusion:

A violation of this chapter ... committed while the offender was an adult and which resulted in a plea or finding of guilt must be considered a prior offense under subsections 1, 3, and 4. The prior offense must be alleged in the complaint, information, or indictment.

In this case, the first offense was committed while Jones was an adult, resulted in a plea of guilty, and was alleged in the information. By the specific terms of N.D.C.C. § 19–03.1–23(5), it therefore "must be considered a prior offense" under N.D.C.C. § 19–03.1–23(1).

[¶ 9] An anomalous result might occur if we adopt Jones's theory. If only a separate conviction triggers the statute, the prosecutor could affect application of the statutory minimums merely by filing separate complaints for multiple offenses instead of separate counts in a single complaint. The United States Supreme Court, interpreting an enhanced sentencing statute for subsequent convictions for crimes involving use of a firearm, noted this problem in *Deal v. United States,* 508 U.S. 129, 133–34, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993) (footnote omitted):

We are also confirmed in our conclusion by the recognition that petitioner's reading would give a prosecutor unreviewable discretion either to impose or to waive the enhanced sentencing provisions of § 924(c)(1) by opting to charge and try the defendant either in separate prosecutions or under a multicount indictment. Although the present prosecution would not have permitted enhanced sentencing, if the same charges had been divided into six separate prosecutions for the six separate

---

1. We recognize the definition section in Title 12.1 is prefaced by the words, "As used in this title...." N.D.C.C. § 12.1–01–04. We note, however, the definition of "offense" in Title 12.1 has been applied in another context to delivery of controlled substances. *See State v. Coutts,* 364 N.W.2d 88, 91 (N.D.1985). We therefore will look to the definition of "offense" in N.D.C.C. § 12.1–01–04(20) for guidance in construing N.D.C.C. § 19–03.1–23(1)(a).

bank robberies, enhanced sentencing would clearly have been required. We are not disposed to give the statute a meaning that produces such strange consequences.

[¶ 10] Finally, we note the Legislature, had it intended the result urged by Jones, could have done so in clear language. *See, e.g.,* N.D.C.C. § 12–50–01 (repealed 1975) (authorized death penalty for a person "convicted of murder in the first degree while under life sentence for murder in the first degree"); Minn.Stat. Ann. § 609.1095 (for purposes of a statute providing enhanced penalties if the offender has two or more prior convictions for violent crimes, " 'Prior conviction' means a conviction that occurred before the offender committed the next felony resulting in a conviction and before the offense for which the offender is being sentenced under this section").

[¶ 11] We conclude the trial court correctly applied the mandatory minimum sentencing provisions of N.D.C.C. § 19–03.1–23(1)(a) in this case.

### III

[¶ 12] Jones argues the trial court erred in refusing to consider suspension of part of the mandatory minimum five-year sentence. Jones relies upon N.D.C.C. § 19–03.1–23.2, which provides in part:

*Mandatory terms of imprisonment—Deferred or suspended sentence limited.* Whenever a mandatory term of imprisonment is prescribed as a penalty for violation of this chapter, the court may not defer imposition of sentence, nor may the court suspend any part of a specified mandatory term, either at the time of or after the imposition of the sentence, unless the court first finds that the offense was the defendant's first violation of this chapter and that extenuating or mitigating circumstances exist which justify a suspension.

Jones argues the information should be considered as a whole, and she should be considered a first-time offender eligible for a suspended sentence.

[¶ 13] Jones's argument attempts to bootstrap her argument on the first issue, and ignores the plain language of the statute.

Section 19–03.1–23.2 prohibits suspending any part of the mandatory minimum sentence unless the court finds "the offense was the defendant's first violation of this chapter." Jones was sentenced to a year and a day for the April 16 drug sale and five years for the April 24 drug sale. She pled guilty to each of the separate counts. Clearly the April 24 sale was not Jones's "first violation" of N.D.C.C. ch. 19–03.1. The April 16 drug sale was her first "violation." The April 24 drug sale was a second violation, and the court was without authority to suspend any part of the five-year mandatory minimum sentence required under N.D.C.C. § 19–03.1–23(1)(a)(2).

### IV

[¶ 14] Jones argues the trial court erred in failing to order a drug addiction evaluation prior to sentencing, as required under N.D.C.C. § 19–03.1–23(7):

A person who violates this chapter must undergo a drug addiction evaluation by an appropriate licensed addiction treatment program. The evaluation must indicate the prospects for rehabilitation and whether addiction treatment is required. The evaluation must be submitted to the court for consideration when imposing punishment for a violation of this chapter.

[¶ 15] The State concedes the trial court should have ordered the evaluation, but argues the error was harmless because the court sentenced Jones to the minimum term allowed. Jones conceded that, if the five-year mandatory minimum applies and the court could not suspend or otherwise deviate from that sentence, the failure to order a drug addiction evaluation would make no difference in this case. We therefore conclude the court's failure to order the evaluation required by N.D.C.C. § 19–03.1–23(7) was harmless error. *See* N.D.R.Crim.P. 52(a) (any error which does not affect substantial rights shall be disregarded).

### V

[¶ 16] The criminal judgment is affirmed.

[¶ 17] VANDE WALLE, C.J., NEUMANN, MARING and KAPSNER, JJ., concur.

