2001 ND 163

**CITY OF WEST FARGO, Plaintiff and Appellant**

v.

**Loren Alan ROSS, Defendant and Appellee.**

**No. 20010104.**

Supreme Court of North Dakota.

Oct. 16, 2001.

**528**

Stephen R. Dawson, Assistant City Attorney, Fargo, ND, for plaintiff and appellant.

Loren Alan Ross, defendant and appellee. No Appearance.

VANDE WALLE, Chief Justice.

[¶ 1] The City of West Fargo appealed from an order suppressing evidence found as a result of an investigatory stop of Loren Ross' vehicle. West Fargo contends the trial court erred in its decision that the investigatory stop was not based on a reasonable and articulable suspicion. We reverse the trial court's suppression of the evidence because the evidence was discovered during a legal investigatory stop, prompted by an officer's reasonable and articulable suspicion Ross was driving while his operator's license was suspended.

[¶ 2] Loren Ross made a U-turn with his vehicle at approximately 4:15 a.m. on a West Fargo street. A police officer saw Ross make the turn, and though the turn was legal, the police officer requested a record check for the vehicle's license plate number. This check revealed that Ross was the vehicle's registered owner, and his operator's license was currently under suspension. The police officer drove along the side of Ross' vehicle and observed the person driving the vehicle matched the physical description of the registered owner, found on the owner's operator's license. The officer stopped the vehicle, confirmed Ross' identity, and arrested him for driving while his license was suspended.

[¶ 3] Ross demanded a jury trial in district court, but before trial he moved the court to suppress the evidence he was driving while his operator's license was suspended. Ross asserted the evidence was the product of an illegal search and seizure because the police officer did not have a reasonable and articulable suspicion a crime was being committed when he made the investigatory stop of Ross' vehicle. The trial court granted the motion and suppressed the evidence, stating in its findings "[t]here is no evidence to indicate [the police officer] knew the Defendant or that he actually knew the Defendant was driving the vehicle."

[¶ 4] The North Dakota Century Code authorizes a city to appeal an order granting the suppression of evidence if the appeal is not for the purpose of delay, and the evidence is a substantial proof of a material fact in the case. N.D.C.C. § 29–28–07(5); *City of Wahpeton v. Desjarlais*, 458 N.W.2d 330, 332 (N.D.1990).

[¶ 5] In light of a trial court's important opportunity to observe and assess the credibility of witnesses, however, this Court accords great deference to a trial court's decision to suppress evidence. *State v. Kenner*, 1997 ND 1, ¶ 7, 559 N.W.2d 538. Therefore, "[w]e affirm a trial court's decision on a motion to suppress unless, after resolving conflicting evidence in favor of affirmance, we conclude there is insufficient competent evidence to support the decision, or unless we conclude the decision goes against the manifest weight of the evidence." *Id.* (quoting *State v. Hawley*, 540 N.W.2d 390, 392 (N.D.1995)).

[¶ 6] Conversely, "[w]hile we defer to the trial court's findings of fact, questions of law are fully reviewable" on appeal. *Id.* Accordingly, the determination of whether the facts show a reasonable and articulable suspicion is fully reviewable on appeal. *State v. Kenner,* 559 N.W.2d 538, 1997 ND 1, ¶ 7.

[¶ 7] Under facts such as this case presents, a police officer must have a reasonable and articulable suspicion that a motorist has violated or is violating the law in order to legally stop a vehicle. *State v. Kenner,* 559 N.W.2d 538, 1997 ND 1, ¶ 8. "Although we have recognized that the concept of reasonable suspicion is not readily reduced to a neat set of legal rules, it does require more than a 'mere hunch'." *Id.* (quoting *Salter v. North Dakota Dept. of Transp.,* 505 N.W.2d 111, 114 (N.D. 1993)). "The standard is an objective one, and we take into account inferences and deductions that an investigating officer would make that may elude a layperson." *State v. Kenner,* 559 N.W.2d 538, 1997 ND 1, ¶ 8 (quoting *State v. Smith,* 452 N.W.2d 86, 88 (N.D.1990)). "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity." *Id.*

[¶ 8] The police are not "required to point to a single factor which, standing alone, signals a potential violation of the law." *See Geiger v. Backes,* 444 N.W.2d 692, 693 (N.D.1989). Instead the police may "assess the situation as it unfolds and, based upon inferences and deductions drawn from their experience and training, make the determination whether all of the circumstances viewed together create a reasonable suspicion of potential criminal activity." *Id.*

[¶ 9] In the present case, the criminal activity suspected by the police officer was that Ross was driving while his license was suspended.

[¶ 10] In *State v. Kenner,* this Court indicated that if the police had a reasonable and articulable suspicion a certain moving vehicle belonged to a driver whose license was suspended, then an investigatory stop would be legal to determine if the crime of driving with a suspended license was being perpetrated. 559 N.W.2d 538, 1997 ND 1, ¶ 20. We remanded the case to the trial court to determine whether the officer had a reasonable and articulable suspicion that the vehicle belonged to a driver whose license was suspended. *Id.* at ¶ 23.

[¶ 11] In this case, the police officer not only had a reasonable and articulable suspicion that Ross, the owner of the vehicle, had lost his driving privileges, a license check established this fact prior to the stop. Further, in contrast to the facts in *Kenner,* the police officer observed the driver looked like Ross.

[¶ 12] Because, the police officer had a reasonable and articulable suspicion that a crime was occurring when the investigatory stop was made, the investigatory stop was legal. Accordingly, we reverse the trial court's suppression of the evidence and remand for further proceedings.

[¶ 13] SANDSTROM, NEUMANN, KAPSNER, and MARING, JJ., concur.