Filed 12/21/10 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2010 ND 246

State of North Dakota, Plaintiff and Appellee

v.

Joshua Lavern Charbonneau, Defendant and Appellant

No. 20100089

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Jacob T. Rodenbiker, Assistant State’s Attorney, Courthouse, 514 E. Thayer Ave., Bismarck, ND 58501, for plaintiff and appellee.

Chad R. McCabe, 402 East Main Avenue, Suite 100, Bismarck, ND 58501, for defendant and appellant.

State v. Charbonneau

No. 20100089

VandeWalle, Chief Justice.

[¶1] 
Joshua Lavern Charbonneau appealed from a criminal judgment and sentence entered after a conditional plea of guilty to five drug-related felonies and one driving-

related misdemeanor.
  He argues 
the district court erred in its interpretation and application of the 20-year mandatory minimum sentence provision of the Uniform Controlled Substances Act (“UCSA”)
, N.D.C.C. ch. 19-03.1.  We affirm.

I.

[¶2] On September 17, 2007, in Rolette County, Charbonneau pleaded guilty and was convicted of three drug-related felonies under the UCSA.  He committed two of these felonies on August 25, 2005—one class A felony and one class B felony for delivery of a controlled substance.  He committed the third felony, a class B felony for delivery of a controlled substance, on November 16, 2005.

[¶3] In June 2009, the Burleigh County State’s Attorney’s office charged Charbonneau, by complaint, with ten drug-related offenses and one driving-related misdemeanor committed on or about June 16, 2009.  The State later filed an information and second amended information, which charged Charbonneau with five drug-related felonies and one driving-related misdemeanor.  The State alleged that two of these felonies—one count of conspiracy to deliver methamphetamine and one count of possession with intent to deliver methamphetamine—qualified for a 20-year mandatory minimum sentence because Charbonneau had committed two prior offenses in 2005 and was convicted for those offenses in 2007.  On December 16, 2009, Charbonneau entered a conditional plea of guilty to five drug-related felonies and the driving-related misdemeanor.  The district court found two of the felonies to be a third offense under the 20-year mandatory minimum sentence provision of the UCSA, and the district court sentenced Charbonneau to two concurrent 20-year mandatory minimum sentences.

II.

[¶4] Charbonneau argues the district court erred in its interpretation and application of the 20-year mandatory minimum sentence provision of the UCSA.  He contends each of his 2005 offenses should have counted as only one prior offense because he was convicted of the three 2005 offenses on the same date in 2007. 
 Specifically, he contends a defendant who has committed prior offenses should receive an elevated sentence only if the defendant receives independent notice of the possibility of an elevated sentence for each separate prior offense, because only then will the defendant have an opportunity to reform each instance of criminal behavior.  
He urges us to require that the conviction for each prior offense occur on separate dates to be considered a prior offense under N.D.C.C. § 19-03.1-23(1)(a)(2) and (5), which provides:

1. Except as authorized by this chapter, it is unlawful for any person to willfully . . . deliver, or possess with intent to manufacture or deliver, a controlled substance . . . .  Any person who violates this subsection with respect to: 

a. A controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine, is guilty of a class A felony and must be sentenced:

. . . . 

(2) For a 
third or subsequent offense
, to imprisonment for twenty years.

. . . . 

5. A violation of this chapter or a law of another state or the federal government which is equivalent to an offense under this chapter committed while the offender was an adult and which resulted in a plea or finding of guilt must be considered a prior offense under subsections 1, 3, and 4.  The prior offense must be alleged in the complaint, information, or indictment.  
The plea or finding of guilt for the prior offense must have occurred before the date of the commission of the offense or offenses charged in the complaint, information, or indictment.
     

(Emphasis added.) 

[¶5] 
The State alleged Charbonneau’s prior convictions from 2007 in the complaint, the first information, and the second amended information.  
See
 
State v. Mora
, 2000 ND 179, ¶ 12, 617 N.W.2d 478 (citing 
State v. Bloomdale
, 21 N.D. 77, 128 N.W. 682, 684 (1910)) (requiring the State to allege the time and place of the former conviction).  Charbonneau argues the UCSA is a habitual offender statute, and many of the cases he relies on concern habitual offender statutes.  But the UCSA is not a habitual offender statute.  
Compare
 N.D.C.C. § 19-03.1-23(1)(a)(2) (enhanced penalty provision of the UCSA) 
with
 § 12.1-32-09 (habitual offender statute).  The UCSA includes enhanced penalty provisions.  In any event, we are bound by language of the UCSA.  Therefore, the dispositive issue on appeal is the interpretation of N.D.C.C. § 19-03.1-23(1)(a)(2) and (5), and we apply the following standard of review:

The interpretation of a statute is a question of law, which is fully reviewable on appeal.  
Ackre v. Chapman & Chapman, P.C.
, 2010 ND 167, ¶ 10, 788 N.W.2d 344.  Our primary objective in interpreting a statute is to determine the legislature’s intent.  
Id
.  We first look to the language of the statute to ascertain the legislature’s intent.  
Ward v. Bullis
, 2008 ND 80, ¶ 18, 748 N.W.2d 397.  We give words their plain, ordinary, and commonly understood meaning, unless a word is specifically defined.  N.D.C.C. § 1-02-02; 
see also
 
Ward
, at ¶ 18.  If the language of a statute is clear and unambiguous, “the letter of [the statute] is not to be disregarded under the pretext of pursuing its spirit.”  N.D.C.C. § 1-02-05.   

State v. Hager
, 2010 ND 217, ¶ 16.

[¶6] In 
State v. Jones
, 1999 ND 61, ¶ 6, 591 N.W.2d 135, the defendant pleaded guilty to two drug counts, which were charged in a single information.  Jones argued that, as a matter of public policy, the two counts should be treated as a single offense, negating application of the mandatory minimum sentence for a second offense.  
Id.
 at ¶ 6.  We held the term “offense” under N.D.C.C. ch. 19-03.1 to mean “the actor’s conduct, not the ultimate conviction.”  
Jones
, at ¶ 8.  Consequently, we held “second offense” to mean a second instance of criminal conduct, not a second conviction that occurs after a prior conviction.  
Id.

[¶7] In 1999, the Legislature amended § 19-03.1-23(5), modifying the sequence of events required to trigger a mandatory minimum sentence:  “The plea or finding of guilt for the prior offense must have occurred before the date of the commission of the offense or offenses charged in the complaint, information, or indictment.”  The plain language of the amendment does not require sequential convictions for each prior offense to trigger a mandatory minimum sentence as argued by Charbonneau.  
See
 
Jones
, 1999 ND 61, ¶ 9, 591 N.W.2d 135 (“An anomalous result might occur if we adopt Jones’s theory.  If only a separate conviction triggers the statute, the prosecutor could affect application of the statutory minimums merely by filing separate complaints for multiple offenses instead of separate counts in a single complaint.”).  Likewise, the amendment did not entirely abrogate the 
Jones
 decision as urged by Charbonneau.  
See
 
State v. Laib
, 2002 ND 95, ¶ 11, 644 N.W.2d 878 (citing N.D.C.C. § 12.1-01-04(20)) (affirming the construction of “offense” in the 
Jones
 decision).  The amendment simply modifies the sequence of required events—from the conduct-before-conduct approach under 
Jones
 to the conviction-

before-conduct approach under the amendment.  The plea or finding of guilt of a prior offense must occur before new criminal conduct occurs.

[¶8] The district court appropriately rejected Charbonneau’s argument that each of his convictions for prior offenses needed to have occurred on separate dates to be considered prior offenses.  On September 17, 2007, Charbonneau pleaded guilty and was convicted of three drug-related felonies.  He committed two of these felonies on August 25, 2005.  He committed the third felony on November 16, 2005.  His 2007 conviction included at least two instances of prior criminal conduct—in August and November of 2005.  
See
 
Laib
, 2002 ND 95, ¶ 11, 644 N.W.2d 878 (quoting the construction of “offense” in 
Jones
) (defining “offense” as “conduct for which a term of imprisonment or a fine is authorized by statute after conviction”).

[¶9] On December 16, 2009, Charbonneau entered a conditional plea of guilty and was convicted of five drug-related felonies.  He committed these felonies on or about June 16, 2009.  His criminal conduct in 2009 serves as a “third or subsequent offense” under N.D.C.C. § 19-03.1-23(1)(a)(2) because he was convicted of the requisite prior offenses in 2007, a year and a half before he committed the present felonies.  Accordingly, the district court did not err as a matter of law in its interpretation and application of N.D.C.C. § 19-03.1-23(1)(a)(2) and (5).

III.

[¶10] We affirm the criminal judgment and the district court’s imposition of the 20-

year mandatory minimum sentence.

[¶11] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom