2015 ND 133

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Alexander James SMITH, Defendant and Appellant.**

No. 20140219.

Supreme Court of North Dakota.

May 27, 2015.

Julie A. Lawyer, Burleigh County Assistant State's Attorney, Bismarck, N.D., for plaintiff and appellee; on brief.

Kent M. Morrow, Bismarck, N.D., for defendant and appellant; on brief.

KAPSNER, Justice.

[¶ 1] Alexander Smith appeals from a criminal judgment entered after a jury found him guilty of possession of cocaine with intent to deliver. We conclude that the district court's denial of Smith's motion to strike the mandatory minimum sentence did not amount to obvious error and that sufficient evidence supports his conviction. We affirm.

I

[¶ 2] In October 2013, Bismarck police officers were dispatched to an apartment building for a complaint of an odor of marijuana. After an officer determined the apartment from which the burnt marijuana odor was emanating, the officers knocked on the door, and Smith answered. When Smith refused to consent to a search of his residence, the officers obtained a search warrant.

[¶ 3] Based on evidence found during the subsequent search of the apartment, Smith was charged with one count of possession of a controlled substance (cocaine) with intent to deliver, a class A felony (count 1); one count of possession of drug paraphernalia, a class C felony (count 3); and two counts of possession of a controlled substance (amphetamine and methylphenidate), both class C felonies (counts 4 and 5). The State charged the first count for possession of a controlled substance with intent to deliver as a third or subsequent offense, which required imposing a 20-year mandatory minimum sentence, because Smith had been previously

convicted of delivery of marijuana and of delivery of marijuana within 1,000 feet of a school in February 2011.

[¶ 4] In January 2014, Smith moved the district court to strike the mandatory minimum sentence, which the court denied. On April 3, 2014, the court held a jury trial. During an in-chambers conference before the trial, Smith indicated he would plead guilty to counts 3, 4, and 5, and a jury trial was held on the first count for possession of cocaine with intent to deliver. While the jury was deliberating, the court accepted Smith's guilty pleas to counts 4 and 5, but Smith indicated he did not want to plead guilty to count 3. The jury returned a verdict finding Smith guilty of the first count, and the court ordered a presentence investigation. On April 8, 2014, Smith again moved the court to strike the mandatory sentence.

[¶ 5] On June 13, 2014, the district court held a sentencing hearing and also entered an order denying Smith's April 2014 motion to strike. The court thereafter entered a criminal judgment against Smith for convictions based on the jury's guilty verdict for possession of cocaine with intent to deliver, and based on his guilty pleas to one count of possession of drug paraphernalia and two counts of possession of a controlled substance. The court sentenced Smith to 20 years in prison on the first count and to five years on each of the remaining three counts, with all counts running concurrently.

## II

[¶ 6] Smith raises only two issues on appeal. He argues that the district court clearly erred when it failed to grant his motion to strike the mandatory sentence and that there was not sufficient evidence to convict Smith of possession of cocaine with intent to deliver.

## A

[¶ 7] Smith argues the district court clearly erred when it failed to grant his motion to strike the mandatory minimum sentence. Smith contends this Court should exercise its authority under N.D.R.Crim.P. 52(b) to consider obvious error based on the court's imposition of an erroneous mandatory minimum sentence.

[¶ 8] Our review of a criminal sentence is "very limited." *See State v. Murphy*, 2014 ND 202, ¶ 15, 855 N.W.2d 647; *State v. Ennis*, 464 N.W.2d 378, 382 (N.D.1990).

A trial judge is allowed the widest range of discretion in fixing a criminal sentence; this court has no power to review the discretion of the sentencing court in fixing a term of imprisonment within the range authorized by statute. Appellate review of a criminal sentence is generally confined to whether the [district] court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor. Statutory interpretation, however, is a question of law fully reviewable on appeal.

*State v. Corman*, 2009 ND 85, ¶ 15, 765 N.W.2d 530 (quoting *State v. Shafer–Imhoff*, 2001 ND 146, ¶ 29, 632 N.W.2d 825). This Court will review a district court's interpretation of a statute in sentencing a defendant when the district court "explicitly and clearly on the record interprets a statute to ascertain *that it lacks discretion* in sentencing . . . and specifically refuses a defendant's request to consider matters allegedly within its discretion." *See Murphy*, at ¶ 22.

[¶ 9] Here, the State alleged N.D.C.C. § 19–03.1–23(1)(a) provided the basis for imposing a 20–year mandatory minimum sentence. After Smith's conviction for class A felony possession of a

controlled substance, cocaine with intent to deliver, the district court imposed the 20–year mandatory minimum sentence, as required under N.D.C.C. § 19–03.1–23(1)(a)(2) and (5), which provides:

1. Except as authorized by this chapter, it is unlawful for any person to willfully, as defined in section 12.1–02–02, manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance, or to deliver, distribute, or dispense a controlled substance by means of the internet, but any person who violates section 12–46–24 or 12–47–21 may not be prosecuted under this subsection. Any person who violates this subsection with respect to:

   a. A controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine, is guilty of a class A felony and must be sentenced:

   . . . .

   (2) *For a third or subsequent offense, to imprisonment for twenty years.*

. . . .

5. A violation of this chapter or a law of another state or the federal government which is equivalent to an offense under this chapter committed while the offender was an adult and which resulted in a plea or finding of guilt must be considered a prior offense under subsections 1, 3, and 4. The prior offense must be alleged in the complaint, information, or indictment. *The plea or finding of guilt for the prior offense must have occurred before the date of the commission of the offense or offenses charged in the complaint, information, or indictment.*

(Emphasis added.)

[¶ 10] In *State v. Laib*, 2002 ND 95, ¶¶ 14–17, 644 N.W.2d 878, this Court rejected an argument that because Laib's two prior convictions had involved marijuana and was not a "controlled substance classified in schedule I or II which is a narcotic drug, or methamphetamine," the mandatory minimum sentence under N.D.C.C. § 19–03.1–23(1)(a)(2) did not apply. In doing so, we affirmed our construction of "offense" in *State v. Jones*, 1999 ND 61, ¶ 8, 591 N.W.2d 135 (quoting N.D.C.C. § 12.1–01–04(20)) for purposes of N.D.C.C. ch. 19–03.1 as "conduct for which a term of imprisonment or a fine is authorized by statute after conviction." *Laib*, at ¶ 11; *see also State v. Charbonneau*, 2010 ND 246, ¶ 7, 792 N.W.2d 530.

[¶ 11] Smith, however, raises a new argument on appeal that he did not present to the district court in his previous motions. Smith argues that while the district court in sentencing him relied on *Laib*, 2002 ND 95, 644 N.W.2d 878, to deny his motion to strike the mandatory sentence, this case differs from *Laib* in "one very telling difference." Smith asserts he was convicted February 9, 2011, of two prior offenses in one judgment with the first offense "alleged to have occurred on November 20, 2011[sic], and the second on November 25, 2011 [sic]. Both were disposed of in one judgment on February 9, 2011." We note that the prior alleged offenses appear to have occurred on November 20, 2009, and November 25, 2009, which resulted in deferred impositions of sentence in February 2011.

[¶ 12] Nonetheless, Smith argues on appeal that N.D.C.C. § 19–03.1–23(5) requires there to be an "interval" between the prior offense and the subsequent offense with a "plea or finding of guilt." Smith contends that since the plea for the November 20 offense did not occur before the date of the commission of November 25 offense, the conviction for the

November 25 offense was not "validly a second conviction" for purposes of sentencing in the present case. Smith contends, therefore, his conviction in this case was a second conviction rather than a third conviction, and the district court erred in denying his motion to strike the mandatory sentence.

[¶ 13] The State responds that Smith's argument on appeal, *i.e.*, there must be two separate judgments at two separate times in the past before the prior convictions can be used to enhance a subsequent offense under N.D.C.C. § 19–03.1–23, was not raised in the district court. The State thus asserts that Smith is precluded from raising the issue for the first time on appeal. *See Morris v. Moller*, 2012 ND 74, ¶ 8, 815 N.W.2d 266. The State also argues Smith's new argument on appeal does not comport with the plain language of the statute. The State contends it is clear from the complaint that although the convictions may have occurred on the same date, the prior offenses were two distinct deliveries, as one occurred by a school and the other did not. The State asserts N.D.C.C. § 19–03.1–23(5) does not require the prior convictions to have taken place at separate times, but only that there must be at least two prior convictions occurring before the instant conduct before the State can charge a third or subsequent offense. The State argues Smith was properly charged and convicted of the offense and the mandatory minimum applies.

[¶ 14] In *Charbonneau*, 2010 ND 246, ¶¶ 6–7, 792 N.W.2d 530, this Court addressed a somewhat similar argument and discussed the legislative history for the 1999 amendment to N.D.C.C. § 19–03.1–23(5):

> In *State v. Jones*, 1999 ND 61, ¶ 6, 591 N.W.2d 135, the defendant pleaded guilty to two drug counts, which were charged in a single information. Jones

argued that, as a matter of public policy, the two counts should be treated as a single offense, negating application of the mandatory minimum sentence for a second offense. *Id.* at ¶ 6. We held the term "offense" under N.D.C.C. ch. 19–03.1 to mean "the actor's conduct, not the ultimate conviction." *Jones*, at ¶ 8. Consequently, we held "second offense" to mean a second instance of criminal conduct, not a second conviction that occurs after a prior conviction. *Id.*

In 1999, the Legislature amended § 19–03.1–23(5), modifying the sequence of events required to trigger a mandatory minimum sentence: "The plea or finding of guilt for the prior offense must have occurred before the date of the commission of the offense or offenses charged in the complaint, information, or indictment." The plain language of the amendment *does not require sequential convictions for each prior offense* to trigger a mandatory minimum sentence as argued by Charbonneau. *See Jones*, 1999 ND 61, ¶ 9, 591 N.W.2d 135 ("An anomalous result might occur if we adopt Jones's theory. If only a separate conviction triggers the statute, the prosecutor could affect application of the statutory minimums merely by filing separate complaints for multiple offenses instead of separate counts in a single complaint."). Likewise, the amendment did not entirely abrogate the *Jones* decision as urged by Charbonneau. *See State v. Laib*, 2002 ND 95, ¶ 11, 644 N.W.2d 878 (citing N.D.C.C. § 12.1–01–04(20)) (affirming the construction of "offense" in the *Jones* decision). The amendment simply modifies the sequence of required events—from the conduct-before-conduct approach under *Jones* to the *conviction-before-conduct approach* under the amendment. *The plea or finding of guilt of a prior offense must*

*occur before new criminal conduct occurs.*

(Emphasis added.) In *Charbonneau*, at ¶ 8, we concluded the district court properly rejected the defendant's argument that each of his convictions for prior offenses had to have occurred on separate dates to be considered prior offenses. Rather, the defendant's 2007 conviction had included at least two instances of prior criminal conduct in August and November of 2005. *Id.*

[¶ 15] Similarly, in this case, as the State alleged in the complaint, information, and amended information, Smith had been previously convicted for two offenses of prior criminal conduct in February 2011—delivery of marijuana and delivery of marijuana within 1,000 feet of a school. We have said this Court should only correct an alleged obvious error when "there is a clear deviation from an applicable legal rule under current law." *State v. Olander,* 1998 ND 50, ¶ 14, 575 N.W.2d 658. We conclude the district court's denial of Smith's motion to strike the mandatory minimum sentence, albeit on other grounds raised by Smith, did not amount to obvious error.

### B

[¶ 16] Smith argues his conviction for possession of cocaine with intent to deliver was not supported by sufficient evidence.

In reviewing challenges to the sufficiency of the evidence, this Court reviews the record to determine if there is competent evidence to support an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant has the burden to show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.

*State v. Skarsgard,* 2008 ND 31, ¶ 12, 745 N.W.2d 358 (citations and quotation marks omitted). We do not reweigh evidence or judge the witnesses' credibility, but only review the record to decide whether there was competent evidence on which the jury could draw an inference reasonably tending to prove guilt. *State v. Christian,* 2011 ND 56, ¶ 8, 795 N.W.2d 702.

[¶ 17] Smith essentially contends that the evidence establishes that the cocaine found during the search of Smith's apartment was not his. He argues that another witness, Stephanie Schilingo, who resided in the apartment and was sleeping in the bedroom at the time of the search, testified at trial that the green bag found during the search of the residence and containing four small bundles of a white powdery substance was her property and that she had brought the bag into the residence the day before the police had arrived. Smith further asserts that Schilingo testified she had distributed the cocaine to her father and another individual.

[¶ 18] The State asserts the jury simply did not believe Smith's girlfriend's testimony. The State responds that although Schilingo, who testified she was Smith's ex-girlfriend at the time of the search but had gotten back together with him after this incident, testified Smith had nothing to do with the cocaine or with drug dealing, the evidence showed differently. The evidence showed the cocaine was found under the mattress in the bedroom next to a wallet containing Smith's identification, there was a notebook found in the search indicating "Alex" was involved in drug trafficking, and there were text messages

on Smith's cell phone indicating he was selling cocaine.

[¶ 19] Smith has the burden on appeal of demonstrating the evidence permits "no reasonable inference of guilt" when viewed in the light most favorable to the conviction. *See Skarsgard,* 2008 ND 31, ¶ 12, 745 N.W.2d 358. Under this Court's deferential standard of review, we conclude a rational factfinder could find Smith guilty beyond a reasonable doubt, and there was sufficient evidence to convict Smith for possession of cocaine with intent to deliver.

### III

[¶ 20] The criminal judgment is affirmed.

[¶ 21] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS and DALE V. SANDSTROM, JJ., concur.