# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 204

| | |
|---|---|
| State of North Dakota, | Plaintiff and Appellee |
| v. | |
| Jessica Dawn Nelson, | Defendant and Appellant |

No. 20180406

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephannie N. Stiel, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Justice.

Tracy J. Peters, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Samuel A. Gereszek, East Grand Forks, MN, for defendant and appellant.

**Jensen, Justice.**

[¶1]    Jessica Dawn Nelson appeals from a criminal judgment sentencing her to three years' imprisonment, the mandatory minimum sentence under N.D.C.C. § 19-03.1-23(1)(a).  Nelson asserts the district court erred in denying her request to withdraw her guilty plea and erred by considering a prior dismissed deferred imposition of sentence when imposing the mandatory minimum sentence.  We reverse and remand for resentencing.

I.

[¶2]    On July 16, 2018, Nelson entered a plea of guilty to possession with intent to manufacture or deliver methamphetamine, a class B felony, in violation of N.D.C.C. § 19-03.1-23(1)(a)(1).  At the request of Nelson's counsel, the district court postponed Nelson's sentencing to allow the parties to prepare arguments related to the appropriateness of deviating from the mandatory minimum sentence then applicable under N.D.C.C. § 12.1-32-02.3.

[¶3]    Prior to the sentencing hearing, both parties filed written materials addressing the application of the mandatory minimum sentence.  At the sentencing hearing, and before the district court imposed a sentence, Nelson's counsel withdrew from the representation of Nelson to allow Nelson to "seek counsel as far as withdrawing the plea."  The court continued the sentencing hearing for a month to allow Nelson to "get a second opinion . . . and do what you feel that you need to do and make any motions you feel you need to make."  Nelson applied for, and was appointed, a public defender to represent her in this case.

[¶4]    At the rescheduled sentencing hearing, Nelson's court appointed counsel requested the district court order a presentence investigation to determine if the mandatory minimum sentence was appropriate or, alternatively, requested the hearing be postponed for another month. Nelson's counsel also expressed concern about

imposing the mandatory minimum sentence because the prior conviction the State asserted as the trigger for imposition of the mandatory minimum sentence was a completed 2012 deferred sentence that had resulted in Nelson's guilty plea being vacated and the case being dismissed. Additionally, Nelson's new counsel raised the issue of Nelson withdrawing her guilty plea, although no motion for the withdrawal of Nelson's guilty plea had been filed.

[¶5]    The district court denied Nelson's request for a continuance of the sentencing hearing. After noting no written motion had been filed, the court stated that even if a motion to withdraw her guilty plea had been filed and the merits of Nelson's request been considered, the court would determine there were no grounds to withdraw the guilty plea. The court determined N.D.C.C. § 12.1-32-02 allowed the consideration of a deferred sentence for purposes of imposing the mandatory minimum sentence and proceeded to sentence Nelson to the mandatory minimum of three years imprisonment.

[¶6]    On appeal, Nelson argues the district court erred by not allowing her to withdraw her guilty plea. Nelson's appellate materials also raise the issue of whether the mandatory minimum sentence under N.D.C.C. § 12.1-32-02 can be triggered by a completed deferred sentence. Nelson argues because the issue was not thoroughly presented to the court, the issue is not ripe for appeal and requests the case be remanded.

II.

[¶7]    This Court's review of a criminal sentence is very limited. *State v. Smith*, 2015 ND 133, ¶ 8, 864 N.W.2d 259. District courts are "allowed the widest range of discretion in fixing a criminal sentence." *Id.* If the term of imprisonment is within the range authorized by statute, this Court has no power to review the sentencing court's discretion. *Id.* Generally, appellate review of a criminal statute is "confined to whether the district court acted within the sentencing limits prescribed by statute, or substantially relied upon an impermissible factor." *Id.* However, statutory interpretation is a question of law fully reviewable on appeal. *Id.* "Words of a statute

2

are given their plain, ordinary, and commonly understood meaning unless a contrary intention plainly appears." *State v. Rufus*, 2015 ND 212, ¶ 15, 868 N.W.2d 534.

[¶8] The district court found Nelson's completed 2012 deferred imposition of sentence was a conviction, or guilty plea, sufficient to trigger the mandatory minimum sentence under N.D.C.C. § 19-03.1-23(1)(a). Subsequent to the court's imposition of sentence in this case, and while Nelson's appeal was pending, this Court decided *State v. Overholt*, 2019 ND 173. In *Overholt*, we determined while the underlying criminal offense could be plead and proved by the State, in the context of a probation violation, reference to the dismissed proceedings by itself was insufficient to support a modification of the defendant's sentence. *Id*. at ¶¶ 12-14.

[¶9] Overholt involved a unique factual scenario concerning two guilty pleas to separate crimes. *State v. Overholt*, 2019 ND 173, ¶¶ 2-3. In each case, the district court entered an order deferring imposition of sentence. *Id.* The State attempted to modify the order deferring imposition of sentence in the first case by citing the second case, which had already been dismissed almost two months earlier. *Id.* at ¶ 12. The State did not provide any factual information regarding the dismissed case aside from the criminal file number, the dates of the offense, and the guilty plea. *Id.* at ¶ 13. This Court held that more factual information was required to prove the defendant violated his probation conditions. *Id.* at ¶ 14. *Overholt* did not directly address whether a previously dismissed conviction may be relied upon for enhancement of a sentence.

[¶10] Here, the district court found Nelson's conviction where she was given a deferred sentence qualified as a conviction, or guilty plea, sufficient to trigger the mandatory minimum sentence under N.D.C.C. § 19-03.1-23(1)(a). Prior to March 1, 2019, N.D.R.Crim.P. 32.1 provided:

> An order deferring imposition of sentence for an infraction or a misdemeanor must require that 61 days after expiration or termination of probation:

3

(a) the defendant's guilty plea be withdrawn, or the guilty verdict be set aside;

(b) the case be dismissed; and

(c) the file be sealed.

The court may, by order, modify an order deferring imposition of sentence no later than 60 days after expiration or termination of probation.

"Under the requirements of N.D.R.Crim.P. 32.1, a case is automatically dismissed sixty-one days after a defendant's probation has ended, unless the court has ordered otherwise before that date." *State v. Ebertz*, 2010 ND 79, ¶ 12, 782 N.W.2d 350. "The court does not have jurisdiction to order a case not be dismissed after the case has been dismissed under N.D.R.Crim.P. 32.1 and the file sealed." *Ebertz*, at ¶ 12. Under N.D.C.C. § 12.1-32-02(4), "[i]n any subsequent prosecution, for any other offense, the prior conviction for which imposition of sentence is deferred may be pleaded and proved . . ."

[¶11]   We conclude the phrase "the prior conviction for which imposition of sentence is deferred" refers to a deferred sentence that has not been dismissed. The disposition of Nelson's prior offense was an order deferring imposition of sentence. On September 25, 2014, subsequent to Nelson completing her probation, the district court entered an order which stated, "the plea of guilty is withdrawn; and a plea of not guilty is entered; and that the charges heretofore made are dismissed." Under N.D.R.Crim.P. 32.1, the court could not consider Nelson's previous conviction because it had been dismissed and the court erred by using the dismissed case to trigger the mandatory minimum sentence.   Had the prior offense not yet been dismissed, the State would then have been entitled to an opportunity to "plead and prove" the prior conviction under N.D.C.C. § 12.1-32-02(4).  However, once a case is dismissed, the State may not plead and prove a previous conviction.

[¶12]   Nelson also appeals the denial of her request to withdraw her plea of guilty. We do not address whether Nelson should be allowed to withdraw her guilty plea and

4

the district court may review the issue on remand. *See State v. Foley*, 2000 ND 91, ¶ 12, 610 N.W.2d 49 (issues not necessary to the appeal need not be reviewed).

III.

[¶13] A completed deferred imposition of sentence that has resulted in the dismissal of the charges may not be used to enhance a sentence unless the State sufficiently pleads and proves the underlying case. We reverse the criminal judgment and remand for resentencing.

[¶14]   Jon J. Jensen
      Jerod E. Tufte
      Daniel J. Crothers
      Lisa Fair McEvers
      Gerald W. VandeWalle, C.J.

**VandeWalle, Chief Justice, concurring specially.**

[¶15] I write separately to highlight that appointment and representation by counsel is more than a formality and requires more than just a warm body in the courtroom. A defendant has a right to counsel at all critical stages of the prosecution, including sentencing. *State v. Yost*, 2014 ND 209, ¶ 10, 855 N.W.2d 829. Rule 32(a)(2)(B), N.D.R.Crim.P., requires the court "give counsel an opportunity to speak on behalf of the defendant." To be able to speak on behalf of their client, counsel must be given an adequate opportunity to prepare.

[¶16] I do not believe counsel in this case had that opportunity. During the July 16 change of plea hearing, the district court detected hesitation from Nelson and gave her time to speak with her counsel. After discussions with counsel, Nelson chose to go forward with her *Alford* guilty plea. At the September 17 sentencing hearing, Nelson's counsel withdrew representation so Nelson could "seek counsel as far as withdrawing the plea." The district court granted a one month continuance to allow Nelson to "get a second opinion . . . and do what you feel that you need to do and make any motions you feel you need to make."

[¶17] Nelson applied for a public defender on September 17 and appointed counsel's initial appearance occurred September 26. Nelson's new counsel immediately filed

5

and served a Rule 16 discovery request. On October 11, four days before the scheduled sentencing hearing, Nelson's counsel received the discovery file from the State. The next day, Nelson's counsel filed a proposed order for a pre-sentence investigation (PSI) report arguing it was necessary under N.D.C.C. § 19-03.1-45.

[¶18]   At the October 15 hearing, the district court said it expected arguments on deviation of the mandatory minimum sentence. Nelson's counsel requested the court order a PSI or, alternatively, continue the hearing for another month. The district court refused to continue the hearing. After reviewing prior transcripts and exhibits, the court stated it would not have found grounds to withdraw the guilty plea even if Nelson made a formal, oral motion to withdraw at the hearing.[1]

[¶19]   By the time she was appointed and received discovery, Nelson's counsel had less than four days until the Monday morning hearing. It is clear from the record that despite her diligence in submitting a proposed order by Friday, Nelson's counsel did not have adequate time to prepare in order to speak on behalf of her client. Neither the court nor the State would have been disadvantaged by the granting of the continuance requested at the hearing. Had counsel been granted the requested additional time, the court may have even reached the same conclusion we did in *Overholt*. 2019 ND 173.

[¶20]   Gerald W. VandeWalle, C.J.

---

[1]A court should avoid prejudging a motion before it has been made. *See Dunn v. N.D. Dep't of Transp.*, 2010 ND 41, ¶ 12, 779 N.W.2d 628 ("A fact-finder is not impartial if the fact-finder prejudges the case.")